**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VASILE RACHITA, | No. 14-72671 |
| Petitioner, | Agency No. A200-807-328 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 16, 2016**
San Francisco, California

Before: GOULD, CLIFTON, and WATFORD, Circuit Judges.

The record does not compel reversal of the Board of Immigration Appeals'

determination that Vasile Rachita failed to establish a prior admission to the United

States and that he is therefore ineligible for adjustment of status under 8 U.S.C.

§ 1255(a).

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Substantial evidence supports the immigration judge's adverse credibility determination. Rachita has not shown that his testimony described the port of entry at which he was allegedly admitted to the United States with detail, and vague testimony may support an adverse credibility determination. *Shrestha v. Holder*, 590 F.3d 1034, 1040 (9th Cir. 2010). In addition, Rachita fails to identify evidence that corroborates his account of how he entered the United States from Canada. As the BIA correctly observed, the choir photo that he submitted does not indicate when and where it was taken. The other documents Rachita submitted may corroborate that he was in Canada in 1998, but they do not corroborate the circumstances of his entry into the United States. Corroboration may be required for vague testimony regardless of whether the REAL ID Act applies, *see Sidhu v. INS*, 220 F.3d 1085, 1092 (9th Cir. 2000) (pre-REAL ID Act), so we need not decide whether the BIA improperly relied on the Act's corroboration standards.

We do not reach Rachita's challenge to the immigration judge's finding that Rachita provided inconsistent testimony. The BIA declined to address the issue because other grounds independently supported the immigration judge's adverse credibility determination, and our review is limited to the grounds on which the BIA relied. *See Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010).

**PETITION DENIED IN PART and DISMISSED IN PART.**